# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ABEL GARCIA and LEONARDO MARTINEZ | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | 24 CV 2909 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal | ) | Judge |
| corporation, and Chicago police officers | ) | |
| CHRISTOPHER PAPAIONNOU #260, DANTE | ) | Magistrate Judge |
| KOEPPEN #18927, IAN PATNETT #18100, | ) | |
| JOSE SANDOVAL #11169, CHRISTOS | ) | |
| LIAGRIDONIS #17735, JOSHUA DAVIN #4038, | ) | |
| and DANIEL POTEMPA #18949, | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiffs, ABEL GARCIA and LEONARDO MARTINEZ make the following complaint against the CITY OF CHICAGO and Chicago police Officers CHRISTOPHER PAPAIONNOU #260, DANTE KOEPPEN #18927, IAN PATNETT #18100, JOSE SANDOVAL #11169, CHRISTOS LIAGRIDONIS #17735, JOSHUA DAVIN #4038, and DANIEL POTEMPA #18949 ("Defendant OFFICERS").

## JURISDICTION AND VENUE

1. This action is brought pursuant to 42 U.S.C. §1983 and the common law of Illinois to seek relief and damages for the deprivation under color of law of plaintiffs' rights as secured by the United States Constitution and Illinois common law.

2. This Court has jurisdiction over this case under 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper for this Court under 28 U.S.C. § 1391(b) because the events in this case occurred in this district.

## THE PARTIES

4. Plaintiff ABEL GARCIA is a 22-year-old resident of Chicago, Illinois.

5. Plaintiff LEONARDO MARTINEZ is a 22-year-old resident of Chicago, Illinois.

6. At all relevant times, Defendant OFFICERS are or were sworn members of the Chicago Police Department (CPD), employed by Defendant CITY, and acting under the color of law and within the scope of their employment.

7. At all relevant times, Defendant PAPAIONNOU was the supervisor of the other Defendant OFFICERS, holding the rank deputy chief within the CPD.

8. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois and it is or was the employer and principal of all the Defendant OFFICERS. Should Plaintiffs prevail against any of the Defendant OFFICERS on their state claim, the CITY is liable under the doctrine of *respondeat superior*. Should Plaintiffs prevail on any of their federal claims against Defendant OFFICERS, the CITY will be required to indemnify Defendant OFFICERS under Illinois law, 735 ILCS 10/9-102.

## THE FACTS

9. On July 18, 2022, GARCIA and MARTINEZ were travelling in GARCIA's car together on Pulaski Road near the I55 Expressway in Chicago, Illinois.

10. On July 18, 2022, Defendant OFFICERS were on duty as Chicago police officers working in the same area.

11. GARCIA was driving his car in a lawful manner; he had a valid driver's license and the car was insured.

12. In spite of the fact that GARCIA was doing nothing wrong, one or more of the Defendant OFFICERS signaled for him to pull over.

13. GARCIA complied with the signal and pulled over.

14. From the moment Defendant OFFICERS signaled for GARCIA to pull over, GARCIA and MARTINEZ were not free to leave.

15. Both GARCIA and MARTINEZ were seized when they were pulled over within the meaning of the Fourth Amendment.

16. Defendant OFFICERS had neither probable cause nor articulable REASONABLE? suspicion to pull GARCIA over.

17. Defendant OFFICERS approached GARCIA's vehicle and began to issue orders to both GARCIA and MARTINEZ.

18. Several of the Defendant OFFICERS had their guns drawn as they approached the vehicle.

19. One of the Defendant OFFICERS pointed his gun directly at MARTINEZ'S head while standing right outside the vehicle and in very close proximity to MARTINEZ.

20. Neither GARCIA nor MARTINEZ had done anything to make Defendant OFFICERS believe they posed any threat to them.

21. GARCIA was ordered out of his car, searched, and placed in handcuffs.

22. GARCIA had nothing illegal on his person.

23. GARCIA was locked in the back of a Chicago police squad car.

24. MARTINEZ had not done anything threatening nor had he engaged in any conduct that could reasonably be construed as a threat to any of the Defendant OFFICERS before one of the Defendant OFFICERS pointed a gun at his head.

25. MARTINEZ tried to record what was going on with his phone.

26. The Defendant OFFICER who was pointing the gun at MARTINEZ's head loudly ordered him to put his phone down and not to record him.

27. MARTINEZ was ordered out of the car and searched.

28. MARTINEZ had nothing illegal on his person, either.

29. Defendant OFFICERS also searched GARCIA's car.

30. There was nothing illegal in GARCIA's car.

31. Two of the Defendant OFFICERS drove GARCIA to the police station.

32. Another of the Defendant OFFICERS drove GARCIA's car to the police station.

33. MARTINEZ was left on the side of the road.

34. At the police station, Defendant OFFICERS fingerprinted and photographed GARCIA.

35. Defendant OFFICERS caused GARCIA's car to be impounded and towed to a City parking lot.

36. Defendant OFFICERS wrote false police reports about the reasons for, and circumstances of, GARCIA's arrest.

37. One of the false statements contained in the reports written by the Defendant OFFICERS stated that Defendant PAPAIOANNOU witnessed GARCIA driving "at a high rate of speed, weaving in and out of traffic, driving into oncoming traffic, and drag racing with other vehicles."

38. GARCIA never engaged in any of that activity.

39. Defendant OFFICERS caused GARCIA to be charged with reckless driving and street racing.

40. The charges Defendant OFFICERS placed against GARCIA were false and Defendant OFFICERS knew they were false.

41. GARCIA was held in a locked cell at the police station for several hours.

42. GARCIA had to hire a lawyer to defend him against the false criminal charges Defendant OFFICERS placed against him.

43. The criminal case Defendant OFFICERS initiated against GARCIA was pending for more than a year.

44. Throughout the time that the criminal case against GARCIA was pending, various prosecutors from the Cook County State's Attorney's Office were in contact with one or more of the Defendant OFFICERS, either on the telephone, via email, or through the system that the State's Attorney's Office uses to make court notifications to Chicago police officers about pending cases.

45. The initial court hearing for the case against GARCIA was August 23, 2022; a date selected by Defendant OFFICERS, but none of them showed up for court.

46. For over a year, GARCIA's case was continued over and over but none of the Defendant OFFICERS ever showed up for court.

47. Defendant OFFICERS did not even show up on the dates that GARCIA's case was set for trial: May 30, 2023, August 14, 2023, September 20, 2023, and October 17, 2023.

48. GARCIA, on the other hand, had to appear for court each time.

49. As a result, GARCIA had to miss work each time he had to appear.

50. GARCIA had to inform his employer of the criminal charges. This caused him embarrassment, anxiety and damage to his reputation at his job where he is a manager.

51. The Cook County State's Attorney's Office finally dismissed the criminal case Defendant OFFICERS filed against GARCIA on October 17, 2023.

## COUNT I
### (42 U.S.C. Section 1983, Unlawful Search and Seizure)

52. Each of the forgoing paragraphs is incorporated as if fully restated here.

53. As described above, Defendant OFFICERS seized and searched both GARCIA and MARTINEZ and GARCIA's car, without probable cause or any other legal justification to do so. This was a violation of the Fourth Amendment to the United States Constitution.

54. Each of the Defendant OFFICERS were aware of the misconduct of the other officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

55. As a direct and proximate cause of their unlawful searches and seizures, and the failure to intervene, GARCIA and MARTINEZ suffered a loss of liberty and other damages, which will be proven at trial.

**WHEREFORE,** GARCIA and MARTINEZ pray for a judgment against the Defendant OFFICERS in a fair and just amount to compensate them for their damages, plus punitive damages, as well as court costs, attorneys' fees, and any other relief the Court finds to be just and equitable.

### COUNT II
### (42 U.S.C. § 1983, Excessive Force)

56.  Each of the forgoing paragraphs is incorporated as if fully restated here.

57. As described above, one of the Defendant OFFICERS used force against MARTINEZ by pointing a gun at his head.

58. The Defendant OFFICER who pointed his gun at MARTINEZ'S head did not have reasonable cause to believe that MARTINEZ posed any threat to him or anyone else.

59. The Defendant OFFICER who pointed his gun at MARTINEZ'S head was using force against MARTINEZ that was not reasonable or necessary.

60.  One or more of the other Defendant OFFICERS were aware of the misconduct of the gun-pointing Defendant OFFICER, had a reasonable opportunity to intervene to prevent it, but failed to do so.

61. The conduct of Defendant OFFICERS as described here was a violation of the Fourth Amendment to the Constitution.

62. As a direct and proximate cause of this use of excessive force and failure to intervene, MARTINEZ suffered emotional distress, including fear for his life.

**WHEREFORE,** MARTINEZ prays for a judgment against Defendant OFFICERS in a fair and just amount to compensate him for his damages, plus punitive damages, as well as court costs, attorneys' fees, and any other relief the Court finds to be just and equitable.

### COUNT III
### (Illinois Malicious Prosecution)

63.  Each of the forgoing paragraphs is incorporated as if fully restated here.

64. As described above, Defendant OFFICERS willfully, intentionally, and recklessly initiated criminal proceedings against GARCIA and then caused those proceedings to continue without any probable cause to believe GARCIA had committed any of the crimes with which he was charged.

65. With malice or reckless indifference to GARCIA's rights, Defendant OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of GARCIA'S arrest which were relied upon by prosecutors.

66. The criminal case against GARCIA was dismissed and never reinstated, terminating the charges in a manner indicative of innocence.

67. As a direct and proximate result of malicious prosecution Defendant OFFICERS' initiated and/or caused to continue against GARCIA, he suffered pecuniary damages and emotional distress which will be proven at trial.

**WHEREFORE**, GARCIA prays for a judgment against Defendant CITY in a fair and just amount sufficient to compensate him for his damages, as well as any other relief as the Court finds just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY.**

Respectfully submitted,

ABEL GARCIA and LEONARDO MARTINEZ, Plaintiffs.

By: /s Thomas P. Needham
    One of Plaintiff's Attorneys

The Law Office of Thomas P. Needham
53 West Jackson Boulevard, Suite 620
Chicago, Illinois 60604
312.726.3173
tpn@needhamlaw.com

By: /s Torreya L. Hamilton
    One of Plaintiff's Attorneys

HAMILTON LAW OFFICE, LLC
53 West Jackson Boulevard, Suite 620
Chicago, Illinois 60604
312.726.3173
tlh@thehamilontlawoffice.com
Attorney No. 6229397