IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ABEL GARCIA and LEONARDO MARTINEZ )<br>)<br>  Plaintiffs, )<br>)<br>vs. )<br>)<br>The CITY OF CHICAGO, Illinois, a municipal )<br>corporation, and Chicago police officers )<br>CHRISTOPHER PAPAIONNOU #260, DANTE )<br>KOEPPEN #18927, IAN PATNETT #18100, )<br>JOSE SANDOVAL #11169, CHRISTOS )<br>LIAGRIDONIS #17735, JOSHUA DAVIN #4038, )<br>and DANIEL POTEMPA #18949, )<br>)<br>  Defendants. )<br>) | Case No. 2024 C 2909<br><br><br><br><br><br><br><br>Judge Martha M. Pacold<br><br>Magistrate Judge Beth W. Jantz |

## **DEFENDANTS' ANSWER TO COMPLAINT**

Defendants, Chirstopher Papaionnou, Dante Koeppen, Ian Patnett, Jose Sandoval, Christos Liagridonis, Joshua Davin, Daniel Potempa (hereinafter "Defendant Officers") and the City of Chicago (hereinafter, the "City") (hereinafter collectively referred to as "Defendants") by and through one of their attorneys, David R. Condron, Assistant Corporation Counsel Supervisor, submit their Answer to Plaintiff's Complaint, Jury Demand, and Affirmative Defenses, stating as follows:

## **JURISDICTION AND VENUE**

1. This action is brought pursuant to 42 U.S.C. §1983 and the common law of Illinois to seek relief and damages for the deprivation under color of law of plaintiffs' rights as secured by the United States Constitution and Illinois common law.

**ANSWER: Defendants admit that plaintiffs purport to bring this action pursuant to 42 U.S.C. § 1983 and state law but deny that plaintiffs' civil rights were violated or that they engaged in any wrongdoing or other misconduct as alleged herein.**

1

2. This Court has jurisdiction over this case under 28 U.S.C. §3 1331, 1343, and 1367.

**ANSWER: Defendants admit jurisdiction is proper but deny any allegations of misconduct or wrongdoing alleged herein.**

3. Venue is proper for this Court under 28 U.S.C. § 1391(b) because the events in this case occurred in this district.

**ANSWER: Defendants admit venue is proper but deny any allegations of misconduct or wrongdoing alleged herein.**

## THE PARTIES

4. Plaintiff ABEL GARCIA is a 22-year-old resident of Chicago, Illinois.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

5. Plaintiff LEONARDO MARTINEZ is a 22-year-old resident of Chicago, Illinois.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

6. At all relevant times, Defendant OFFICERS are or were sworn members of the Chicago Police Department (CPD), employed by Defendant CITY, and acting under the color of law and within the scope of their employment.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

7. At all relevant times, Defendant PAPAIONNOU was the supervisor of the other Defendant OFFICERS, holding the rank deputy chief within the CPD.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

8. Defendant CITY is a municipal corporation duly incorporated under the laws of the State of Illinois and it is or was the employer and principal of all the Defendant OFFICERS. Should Plaintiffs prevail against any of the Defendant OFFICERS on their state claim, the CITY is liable under the doctrine of *respondeat superior*. Should Plaintiffs prevail on any of their federal claims against Defendant OFFICERS, the CITY will be required to indemnify Defendant OFFICERS under Illinois law, 735 ILCS 10/9-102.

**ANSWER: Defendants admit the allegations contained in this paragraph but deny any allegations of misconduct or wrongdoing alleged herein and further deny that this paragraph contains a complete and accurate recitation of the law.**

## THE FACTS

9. On July 18, 2022, GARCIA and MARTINEZ were travelling in GARCIA's car together on Pulaski Road near the 155 Expressway in Chicago, Illinois.

**ANSWER: Defendants City, Papaionnou, Sandoval and Liagridonis admit the allegations contained in this paragraph.**

**Defendants Potempa, Davin, Patnett and Koeppen admit the allegations contained in this paragraph upon information and belief.**

10. On July 18, 2022, Defendant OFFICERS were on duty as Chicago police officers working in the same area.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

11. GARCIA was driving his car in a lawful manner; he had a valid driver's license and the car was insured.

**ANSWER: Defendants deny that Garcia was driving his car in a lawful manner.**

**Defendants Papaionnou, Sandoval, Liagridonis and the City admit the remaining allegations contained in this paragraph.**

**Defendants Koeppen, Davin, Potempa and Patnett admit the remaining allegations contained in this paragraph upon information and belief.**

12. In spite of the fact that GARCIA was doing nothing wrong, one or more of the Defendant OFFICERS signaled for him to pull over.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis and the City deny the allegations contained in this paragraph.**

**Defendants Patnett, Potempa, Davin and Koeppen deny the allegations contained in this paragraph upon information and belief.**

13. GARCIA complied with the signal and pulled over.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis and the City admit the allegations contained in this paragraph.**

**Defendants Patnett, Potempa, Davin and Koeppen lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

14. From the moment Defendant OFFICERS signaled for GARCIA to pull over, GARCIA and MARTINEZ were not free to leave.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis and the City admit the allegations contained in this paragraph.**

**Defendants Davin, Potempa, Koeppen and Patnett admit the allegations contained in this paragraph upon information and belief.**

15.      Both GARCIA and MARTINEZ were seized when they were pulled over within the meaning of the Fourth Amendment.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

16.      Defendant OFFICERS had neither probable cause nor articulable REASONABLE suspicion to pull GARCIA over.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

17.      Defendant OFFICERS approached GARCIA's vehicle and began to issue orders to both GARCIA and MARTINEZ.

**ANSWER: Defendants Papaionnou, Liagridonis and the City admit that Defendant Papaionnou approached the vehicle and began to issue orders to Martinez.**

**Defendant Sandoval and the City admit that Sandoval approached the vehicle and began to issue orders to Garcia.**

**Defendants Davin, Patnett and the City admit that at some point Davin and Patnett approached the vehicle and issued orders to Martinez. Defendants Davin and Patnett lack knowledge sufficient to form a basis as to the remaining allegations as they pertain to Garcia that are contained in this paragraph.**

**Defendant Potempa lacks knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

**Defendant Koeppen and the City admit that at some point, Defendant Koeppen approached the vehicle and issued orders to Martinez. Defendant Koeppen denies that the allegations pertaining to Garcia truly and accurately reflect his dealings with Garcia.**

18.      Several of the Defendant OFFICERS had their guns drawn as they approached the vehicle.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis and the City deny that the allegations contained in this paragraph truly and accurately reflect their actions and therefore deny the allegations contained in this paragraph.**

**Defendants Potempa, Davin, Patnett and Koeppen deny that the allegations in this paragraph as they pertain to them and further lack knowledge sufficient to form a basis of truth as to allegations contained in this paragraph as it relates to the incident before their arrival.**

19.      One of the Defendant OFFICERS pointed his gun directly at MARTINEZ'S head while standing right outside the vehicle and in very close proximity to MARTINEZ.

**ANSWER:** Defendants Papaionnou, Sandoval, Liagridonis and the City deny the allegations contained in this paragraph.

**Defendants Potempa, Davin, Patnett and Koeppen deny that the allegations contained in this paragraph as they pertain to them and further lack knowledge sufficient to form a basis of truth as to allegations contained in this paragraph as it relates to the incident before their arrival.**

20. Neither GARCIA nor MARTINEZ had done anything to make Defendant OFFICERS believe they posed any threat to them.

**ANSWER:** Defendants Papaionnou, Sandoval, Liagridonis and the City deny the allegations contained in this paragraph.

**Defendant Koeppen, Potempa, Davin and Patnett deny that the allegations contained in this paragraph as they pertain to them and further lack knowledge sufficient to form a basis of truth as to allegations contained in this paragraph as they relate to the incident before his arrival.**

21. GARCIA was ordered out of his car, searched, and placed in handcuffs.

**ANSWER:** Defendants Papaionnou, Sandoval, Liagridonis and the City admit the allegations contained in this paragraph.

**Defendants Potempa, Davin and Patnett lack knowledge sufficient to form a basis of truth as to allegations contained in this paragraph.**

**Defendant Koeppen admits that at some point, he searched the Plaintiff. Defendant Koeppen lacks knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

22. GARCIA had nothing illegal on his person.

**ANSWER:** Defendants Papaionnou, Sandoval, Liagridonis, the City, Patnett and Koeppen admit the allegations contained in this paragraph.

**Defendant Davin lacks knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

**Defendant Potempa admits the allegations contained in this paragraph upon information and belief.**

23. GARCIA was locked in the back of a Chicago police squad car.

**ANSWER:** Defendants admit that eventually Garcia was locked in the back of a Chicago Police squad car.

24. MARTINEZ had not done anything threatening nor had he engaged in any conduct that could reasonably be construed as a threat to any of the Defendant OFFICERS before one of the Defendant OFFICERS pointed a gun at his head.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

25. MARTINEZ tried to record what was going on with his phone.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

26. The Defendant OFFICER who was pointing the gun at MARTINEZ's head loudly ordered him to put his phone down and not to record him.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis and the City deny the allegations contained in this paragraph.**

**Defendants Davin, Potempa, Patnett and Koeppen lack knowledge sufficient to form a basis of truth as to allegations contained in this paragraph.**

27. MARTINEZ was ordered out of the car and searched.

**ANSWER: Defendants admit that Martinez was ordered out of the car. Defendants Davin, Potempa, Patnett, Koeppen and the City deny that the Defendant Officers searched Martinez.**

**Defendants Papaionnou, Sandoval and Liagridonis deny that Defendant Officers searched Martinez upon on information and belief.**

28. MARTINEZ had nothing illegal on his person, either.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

29. Defendant OFFICERS also searched GARCIA's car.

**ANSWER: Defendants admit that Defendants Potempa, Davin, Patnett, and Koeppen performed an inventory search of Garcia's vehicle.**

30. There was nothing illegal in GARCIA's car.

**ANSWER: Defendants deny that these allegations truly and accurately reflect what was located in Plaintiff's car and therefore deny the allegations contained in this paragraph.**

31. Two of the Defendant OFFICERS drove GARCIA to the police station.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

6

32. Another of the Defendant OFFICERS drove GARCIA's car to the police station.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

33. MARTINEZ was left on the side of the road.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

34. At the police station, Defendant OFFICERS fingerprinted and photographed GARCIA.

**ANSWER: Defendants admit upon information and belief that Garcia was fingerprinted and photographed in lockup but deny that the remaining allegations contained in this paragraph as they pertain to them.**

35. Defendant OFFICERS caused GARCIA's car to be impounded and towed to a City parking lot.

**ANSWER: Defendants deny that the allegations contained in this paragraph truly and accurately reflect the facts and circumstances of their encounter and Defendants therefore deny the allegations contained in this paragraph.**

36. Defendant OFFICERS wrote false police reports about the reasons for, and circumstances of, GARCIA's arrest.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

37. One of the false statements contained in the reports written by the Defendant OFFICERS stated that Defendant PAPAIOANNOU witnessed GARCIA driving "at a high rate of speed, weaving in and out of traffic, driving into oncoming traffic, and drag racing with other vehicles."

**ANSWER: Defendants deny the allegations contained in this paragraph.**

38. GARCIA never engaged in any of that activity.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis and the City deny the allegations contained in this paragraph.**

**Defendants Potempa, Davin, Patnett and Koeppen deny the allegations contained in this paragraph upon information and belief.**

39. Defendant OFFICERS caused GARCIA to be charged with reckless driving and street racing.

**ANSWER: Defendants deny that the allegations contained in this paragraph truly and accurately reflect the facts and circumstances of their encounter and Defendants therefore deny the allegations contained in this paragraph.**

7

40. The charges Defendant OFFICERS placed against GARCIA were false and Defendant OFFICERS knew they were false.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

41. GARCIA was held in a locked cell at the police station for several hours.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

42. GARCIA had to hire a lawyer to defend him against the false criminal charges Defendant OFFICERS placed against him.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

43. The criminal case Defendant OFFICERS initiated against GARCIA was pending for more than a year.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

44. Throughout the time that the criminal case against GARCIA was pending, various prosecutors from the Cook County State's Attorney's Office were in contact with one or more of the Defendant OFFICERS, either on the telephone, via email, or through the system that the State's Attorney's Office uses to make court notifications to Chicago police officers about pending cases.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis, Potempa, Davin and Patnett deny that the Cook County State's Attorney's Office was in contact with them regarding this case. Defendants Papaionnou, Sandoval, Liagridonis, Potempa, Davin and Patnett lack knowledge sufficient to form a basis of truth as to the remaining allegations contained in this paragraph as they pertain to others.**

**Defendant Koeppen and the City deny that the allegations contained in this paragraph are true and accurate as they pertain to them and therefore deny the allegations contained in this paragraph. Defendant Koeppen lacks knowledge sufficient to form a basis of truth as to allegations contained in this paragraph are they pertain to others.**

45. The initial court hearing for the case against GARCIA was August 23, 2022; a date selected by Defendant OFFICERS, but none of them showed up for court.

**ANSWER: Defendants admit that the initial court date was August 23, 2022. Defendants lack knowledge sufficient to form a basis of truth as to the remaining allegations contained in the paragraph.**

46. For over a year, GARCIA's case was continued over and over but none of the Defendant OFFICERS ever showed up for court.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis, Potempa, Davin and Patnett deny that the allegations are true and accurate as they pertain to them and therefore deny the allegations contained in this paragraph.**

**Defendant Koeppen and the City deny the allegations contained in this paragraph.**

47. Defendant OFFICERS did not even show up on the dates that GARCIA's case was set for trial: May 30, 2023, August 14, 2023, September 20, 2023, and October 17, 2023.

**ANSWER: Defendants Papaionnou, Sandoval, Liagridonis, Potempa and the City deny that the allegations are true and accurate as they pertain to them and therefore deny the allegations contained in this paragraph.**

**Defendants Davin, Patnett and Koeppen lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

48. GARCIA, on the other hand, had to appear for court each time.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

49. As a result, GARCIA had to miss work each time he had to appear.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

50. GARCIA had to inform his employer of the criminal charges. This caused him embarrassment, anxiety and damage to his reputation at his job where he is a manager.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

51. The Cook County State's Attorney's Office finally dismissed the criminal case Defendant OFFICERS filed against GARCIA on October 17, 2023.

**ANSWER: Defendants lack knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

## COUNT I
### (42 U.S.C. Section 1983, Unlawful Search and Seizure)

52. Each of the forgoing paragraphs is incorporated as if fully restated here.

**ANSWER: Defendants reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated.**

53. As described above, Defendant OFFICERS seized and searched both GARCIA and MARTINEZ and GARCIA's car, without probable cause or any other legal justification to do so. This was a violation of the Fourth Amendment to the United States Constitution.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

54. Each of the Defendant OFFICERS were aware of the misconduct of the other officers, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

55. As a direct and proximate cause of their unlawful searches and seizures, and the failure to intervene, GARCIA and MARTINEZ suffered a loss of liberty and other damages, which will be proven at trial.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT II
### (42 U.S.C. § 1983, Excessive Force)

56. Each of the forgoing paragraphs is incorporated as if fully restated here.

**ANSWER: Defendants reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated.**

57. As described above, one of the Defendant OFFICERS used force against MARTINEZ by pointing a gun at his head.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

58. The Defendant OFFICER who pointed his gun at MARTINEZ'S head did not have reasonable cause to believe that MARTINEZ posed any threat to him or anyone else.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

59. The Defendant OFFICER who pointed his gun at MARTINEZ'S head was using force against MARTINEZ that was not reasonable or necessary.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

60. One or more of the other Defendant OFFICERS were aware of the misconduct of the gun-pointing Defendant OFFICER, had a reasonable opportunity to intervene to prevent it, but failed to do so.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

61. The conduct of Defendant OFFICERS as described here was a violation of the Fourth Amendment to the Constitution.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

62. As a direct and proximate cause of this use of excessive force and failure to intervene, MARTINEZ suffered emotional distress, including fear for his life.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

## COUNT III
### (Illinois Malicious Prosecution)

63. Each of the forgoing paragraphs is incorporated as if fully restated here.

**ANSWER: Defendants reassert their answers contained in foregoing paragraphs and incorporate their answers herein, as though fully stated.**

64. As described above, Defendant OFFICERS willfully, intentionally, and recklessly initiated criminal proceedings against GARCIA and then caused those proceedings to continue without any probable cause to believe GARCIA had committed any of the crimes with which he was charged.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

65. With malice or reckless indifference to GARCIA's rights, Defendant OFFICERS created false and inaccurate police reports and other documents pertaining to the circumstances of GARCIA'S arrest which were relied upon by prosecutors.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

66. The criminal case against GARCIA was dismissed and never reinstated, terminating the charges in a manner indicative of innocence.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

67. As a direct and proximate result of malicious prosecution Defendant OFFICERS initiated and/or caused to continue against GARCIA, he suffered pecuniary damages and emotional distress which will be proven at trial.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

### JURY DEMAND
Defendants respectfully demand trial by jury on all counts so triable.

### **AFFIRMATIVE DEFENSES**

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that said Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law. *See Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

2. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Indemnification is not a cause of action, but a theory of recovery. The indemnification provision does not create direct liability on the part of the City or its employees, but creates liability on the City to indemnify after a judgment has been recovered against an employee. See *Arnolt v. City of Highland Park*, 52 Ill. 2d 27 (1972); *Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 107 (1982).

5. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

6. As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendant Officers are public employees, who at all times material to the events alleged in Plaintiff's Amended Complaint, acted within the scope of their employment and are, therefore, not liable for the acts or omissions of other people.

7. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2010).

8. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

9. The City is not liable to Plaintiff for any federal claims for which the Individual Officers are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

10. The City is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by Plaintiff. 745 ILCS 10/2-102 (West 2018).

11. As to Plaintiff's state law claims, the City is not liable if its employees or agents are not liable. 745 ILCS 10/2-109 (West 2018).

12

        Respectfully submitted,

        */s/David R. Condron*
        David R. Condron
        Assistant Corporation Counsel Supervisor

Jessica Griff, Chief Assistant Corporation Counsel
Jahnee Hughes, Assistant Corporation Counsel
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
Attorney No.: 6273811
david.condron@cityofchicago.org
(312) 742-0170 (P) || (312) 744-6566 (FAX)
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

On June 7, 2024, the foregoing document, *Defendants' Answer to Plaintiff's Complaint* was filed with the Clerk of the Court for the Northern District of Illinois by using the CM/ECF system. All participants are registered users who will be served by the CM-ECF electronic filing system.

*/s/ David R. Condron*